IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK VORIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 05 C 6840 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| CREDITOR'S ALLIANCE, INC., ) | |
| ) | Magistrate Judge Michael T. Mason |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Michael T. Mason, United States Magistrate Judge:

Before the Court is defendant Creditor's Alliance, Inc.'s ("CAI") motion for protective order. Defendant asks this Court to enter a protective order barring plaintiff from using a fax cover sheet which defendant claims is an attorney-client privileged document. This matter was referred to this Court by Judge Kendall in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. For the reasons set forth below, defendant's motion for protective order is denied.

**Background**

This lawsuit involves alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff is suing CAI for contacting him at a time known to be inconvenient to him to collect a debt that plaintiff claims is a consumer debt. CAI contends that the debt is wholly commercial and therefore, its actions do not fall within the FDCPA.

At issue here is a document that purportedly contains attorney-client privileged information. On February 21, 2006, the president of CAI, Dan Kohlenberg, faxed the complaint and a cover sheet ("the fax cover sheet") with his comments regarding the

lawsuit to his attorney, Joseph Messer. On March 1, 2006, the fax cover sheet was sent via facsimile to plaintiff's counsel along with a letter demanding that plaintiff dismiss the lawsuit. The following day, plaintiff's counsel, Larry Smith, spoke with defense counsel, Amy Jonker, about the fax cover sheet. Ms. Jonker explained that the document contained attorney-client privileged information and that it was sent to Mr. Smith inadvertently. Ms. Jonker did not ask Mr. Smith to return the document.

The fax cover sheet became an issue eight months later when defendant sent another letter to plaintiff's counsel demanding that plaintiff dismiss the lawsuit. This letter included an affidavit signed by Mr. Kohlenberg. The affidavit states that CAI had no information indicating that the debt in question was anything but a commercial debt. In response, plaintiff's counsel informed defense counsel that he believed that the affidavit contained information known to be false in light of Mr. Kohlenberg's comments on the fax cover sheet. At that time, Ms. Jonker demanded that Mr. Smith return the fax cover sheet and refrain from using it. When he refused, defense counsel filed the motion for protective order. The fax cover sheet is attached as Exhibit A to the motion.

**Discussion**

Defendant asks this Court to enter a protective order barring plaintiff from using the fax cover sheet. Courts follow a three-part analysis to review claims that inadvertently produced documents should be protected by the attorneyclient privilege. *See, e.g., Harmony Gold U.S.A., Inc. v. FASA Corp.*, 169 F.R.D. 113, 115 (N.D. Ill. 1996). First, the court must determine as a threshold matter if the documents are indeed privileged. *Id.* Second, the court must determine if disclosure was inadvertent. *Id.* The court examines "the circumstances surrounding the disclosure" to determine if

2

the disclosure was inadvertent. *Id.* at 116. Third, if the disclosure was inadvertent, the court must decide whether the privilege was waived despite inadvertence. *Id.* at 115.

The parties do not dispute that the fax cover sheet contains attorney-client privileged information. With respect to the second prong of the analysis, defense counsel explained that her legal assistant inadvertently included the fax cover sheet along with the letter when she faxed the March 1, 2006 letter to plaintiff's counsel. After examining the circumstances surrounding the disclosure, this Court finds that the initial disclosure of the fax cover sheet on March 1, 2006 was inadvertent.

Plaintiff argues that even if the disclosure of the document was inadvertent, defendant waived the attorney-client privilege. The parties agree that, pursuant to *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1127 (7th Cir. 1997), a five-part balancing test applies in determining whether waiver occurred. Utilizing this approach, the Court must weigh: (1) the reasonableness of the precautions taken to prevent the disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness. *Id.*

Here, the scope of discovery was relatively limited. The extent of the disclosure was extremely limited in that defendant only disclosed one attorney-client privileged document. However, defense counsel did not rectify the error in a timely manner. On March 2, 2006, Mr. Smith asked Ms. Jonker whether she intended to send him the fax cover sheet. Ms. Jonker explained that the fax cover sheet was an attorney-client privileged document and that her legal assistant had mistakenly sent it to him. During that conversation, Ms. Jonker did not ask Mr. Smith to return the document. In fact, she did not ask for the document back until eight months later when Mr. Smith indicated that

he believed Mr. Kohlenberg had submitted a false affidavit.

Furthermore, the fax cover sheet was filed as Exhibit A to defendant's motion for protective order. Therefore, the document is now part of the public record for all to see. In this regard, defense counsel failed to take appropriate precautions to prevent disclosure. Moreover, the Court finds that such a public disclosure of the document is inconsistent with an essential element of the attorney-client privilege - maintaining the confidentiality of the communication.

Finally, with respect to the overriding issue of fairness, this Court finds that the balance tips in favor of the plaintiff because Mr. Kohlenberg's comments on the fax cover sheet are directly relevant to defendant's affirmative defense that the debt is wholly commercial. *See Allen v. Int'l Truck & Engine*, 2006 U.S. Dist. LEXIS 84034, *6 (S.D. Ind. 2006) (finding that the issue of fairness tipped strongly in favor of the receiving party where the information produced was relevant to issues in a pending motion for sanctions).

The party seeking to assert the attorney-client privilege bears the burden of showing that the privilege has not been waived. *United States v. Evans,* 113 F.3d 1457, 1461 (7th Cir. 1997). Simply put, defendant has failed to meet that burden. Based on the foregoing, this Court finds that defense counsel waived the attorney-client privilege by failing to ask Mr. Smith to return the document in a timely manner and by filing the fax cover sheet as Exhibit A to the motion for protective order.

**Conclusion**

For the reasons set forth above, defendant's motion for protective order is denied.

ENTER:

_____
**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: January 31, 2007**